The Honorable Marc L. Barreca
Chapter 7
Hearing Location: Courtroom 7106, Seattle
Hearing Date: March 7, 2014
Hearing Time: 9:30 a.m.
Response Date: February 28, 2014

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | | |
|---|---|---|
| In Re: | ) | Chapter 7 |
| | ) | No. 10-21977 |
| TERRIS RALPH DRAHEIM | ) | |
| | ) | TRUSTEE'S MOTION |
| | ) | FOR AUTHORIZATION TO SETTLE |
| | ) | DISPUTE WITH CO-OWNER OF |
| | ) | REAL PROPERTY IN MEXICO |
| | ) | AND SELL INTEREST |
| | ) | IN REAL PROPERTY |
| Debtor. | ) | FREE AND CLEAR OF |
| | ) | LIENS AND ENCUMBRANCES |
| | ) | |

COMES NOW Michael B. McCarty, Chapter 7 Trustee for Terris Ralph Draheim, through his counsel of record, and hereby moves the Court for authority to sell, pursuant to 11 U.S.C. 363 of the U.S. Bankruptcy Code, the Debtor's 50% undivided interest in two adjoining real property lots in Zihautenejo, Mexico, to Christian Grevstad, the holder of the other 50% interest in the real property, as follows:

The debtor listed his interest in the unimproved real property in Mexico in the sum of $100,000 on the schedules. The trustee obtained the appointment of a real estate agent in Mexico to market and sell the real property. Initially, the trustee obtained evaluations that the properties might net values to the estate similar to the debtor's valuation.

TRUSTEE'S MOTION - 1
RONALD G. BROWN
ATTORNEY AT LAW
2525 WELLS FARGO CENTER
999 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 342-7850 TELEPHONE
(206) 342-7851 FACSIMILE

Any sale of the properties requires the consent to the co-owner, Christian Grevstad. Pursuant to 11 U.S.C.363(f) of the U.S. Bankuptcy Code, the trustee may sell a property with a co-owner with certain limitations, including certain limitations dealing with the consent of the co-owner and the applicability of non-bankruptcy law.

After a series of extensive negotiations, the Trustee and Grevstad negotiated a settlement of the matters in dispute. The Trustee agrees to sell and convey the debtor's 50% undivided interest in the two adjoining real property lots in Zihautenejo, Mexico, to Grevstad for the sum of $25,000, of which $5,000 is proposed to be paid to the trust account of Matthew N. Metz, special counsel for the trustee who has advised the trustee on Mexican law issues, for the sale and conveyance costs in Mexico, and the remaining $20,000 paid to the Chapter 7 Trustee for administration in the bankruptcy proceedings for the benefit of creditors.

Under the criteria in In re A&C Properties, 784 F.2d 1377 (9th Cir., 1986), the court considers a number of factors in determining whether to approve a settlement proposed by a bankruptcy estate, including (1) the probability of success in legal proceedings; (2) the difficulty of collection; (3) the complexity of the legal proceedings and the expense involved; and (4) the interest of creditors. Due to the difficulties in marketing the properties and the limitations of consent and the applicability of Mexican laws, the trustee discussed the sale of the debtor's interest with the co-owner. The co-owner disputed the trustee's property evaluations. The trustee was advised that the market for unimproved properties in the area of Mexico in which the properties are located has been very slow and that there have been no sales of unimproved lots in the area for the last two years. Litigation with the co-owner might require cross- border adjudication of the dispute, further matters for resolution in Mexico with additional costs to the bankruptcy estate and creditors, and cross-border issues on receipt and collection of sale proceeds. The trustee believes that the proposed settlement and sale in this case meets the Ninth Circuit criteria and is a reasonable settlement to allow creditors to benefit from a sale of the real properties.

The terms are all cash after entry of a court order authorizing the settlement and sale. The

TRUSTEE'S MOTION - 2

RONALD G. BROWN
ATTORNEY AT LAW
2525 WELLS FARGO CENTER
999 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 342-7850 TELEPHONE
(206) 342-7851 FACSIMILE

Case 10-21977-MLB    Doc 46    Filed 01/22/14    Ent. 01/22/14 18:28:07    Pg. 2 of 3

sale by the bankruptcy estate is "as is" with no warranties, express or implied. Pursuant to 11 U.S.C. 363(b) of the U.S. Bankruptcy Code, liens, if any, against the properties would attach to the proceeds of sale in the same amount and priority as they existed at the time of the bankruptcy filing. The trustee has not been advised that there are any liens against the properties which would attach to the proceeds of sale. The sum of $5,000 paid to special counsel are intended to pay sale and conveyance costs in Mexico.

WHEREFORE, the trustee moves this court for the entry of an order authorizing the property settlement and sale.

DATED this 22nd day of January, 2014.

s/ *Ronald G. Brown*
Ronald G. Brown, WSBA #8816
Attorney for Trustee

TRUSTEE'S MOTION - 3

RONALD G. BROWN
ATTORNEY AT LAW
2525 WELLS FARGO CENTER
999 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 342-7850 TELEPHONE
(206) 343-7851 FACSIMILE